IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-392-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LUIS JOEL ROBLES LATORRES, | ) | |
| | ) | |
| Defendant. | ) | |

On July 12, 2024, Luis Joel Robles Latorres ("Latorres" or "defendant") moved pro se for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 321]. On June 15, 2026, the United States responded in opposition [D.E. 340] and filed an exhibit [D.E. 341]. As explained below, the court denies Latorres's motion for a sentence reduction.

I.

Latorres ran a large cocaine trafficking organization in multiple counties in the Eastern District of North Carolina. See Presentence Investigation Report ("PSR") [D.E. 155] ¶¶ 18–34. Latorres sourced his cocaine from Puerto Rico. See id. ¶ 19. Several cooperating witnesses and wiretap evidence detailed Latorres's role in the extensive drug trafficking organization. See id. ¶¶ 19–34. In November 2017, agents executed a search warrant at Latorres's residence in Fayetteville, North Carolina. See id. ¶ 28. Agents recovered two handguns, ammunition, drug distribution paraphernalia, and $137,429 in cash. See id.

Between November 2014 and September 2017, Latorres "conservatively distributed 165.4841 kilograms of cocaine." Id. ¶ 34. He also possessed a handgun in furtherance of multiple

drug distribution transactions and acted as a manger or supervisor in a drug trafficking organization that involved five or more participants. See id.

On December 12, 2017, a federal grand jury in the Eastern District of North Carolina indicted Latorres and several coconspirators. See [D.E. 23]. On July 9, 2018, with a plea agreement, Latorres pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (count one), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (count twelve). See [D.E. 120, 121]. On September 18, 2019, the court downwardly departed and sentenced Latorres to 102 months' imprisonment on count one and 60 months' consecutive imprisonment on count twelve. See [D.E. 250, 252]. Latorres did not appeal.

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford v. United States, 146 S. Ct. 1320 (2026). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

2

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez v. United States, 146 S. Ct. 1292, 1307 (2026). "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious

3

physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

III.

Latorres seeks compassionate release because he has been exposed to COVID-19 and black mold and received poor medical care. See [D.E. 321-1] 1. But Latorres provided no medical records to support his argument that the alleged exposure adversely affected his health or that he received poor medical care. Moreover, the United States provided Latorres's medical records, and they do not support Latorres's claims. See [D.E. 341, 341-1]. Furthermore, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular person alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir.

4

2020). The same principle applies to alleged exposure to an unidentified amount of black mold. Rather, the court looks to "the totality of relevant circumstances." Hargrove, 30 F.4th at 198.

Latorres has been vaccinated against COVID-19. His risk factors from COVID-19 or black mold are not extraordinary or compelling. See, e.g., United States v. Salas, No. 22-637; 2023 WL 3918695, at *2 (4th Cir. June 9, 2023) (per curiam) (unpublished). Latorres continues to receive adequate medical care. See [D.E. 341, 341-1].

On this record, Latorres has failed to demonstrate "that extraordinary and compelling reasons warrant" compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); see Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1300–05. Thus, the court denies Latorres's motion for a sentence reduction.

Alternatively, even if Latorres demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b), the section 3553(a) factors counsel against granting Latorres's motion. See Concepcion v. United States, 597 U.S. 481, 499–502 (2022); Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Latorres is 49 years old and engaged in extremely serious and prolonged criminal conduct. See PSR ¶¶ 18–34.

The court has considered the entire record, the section 3553(a) factors, Latorres's arguments, and the government's persuasive response. The court also has considered the need to punish Latorres for his serious criminal conduct, to incapacitate Latorres, to promote respect for the law, to deter others, and to protect society from Latorres. Given the entire record, the court denies Latorres's motion for a sentence reduction. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011);

Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

IV.

In sum, the court DENIES defendant's motion for a sentence reduction [D.E. 321].

SO ORDERED.   This 13 day of June, 2026.

JAMES C. DEVER III
United States District Judge

6